IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEREMY T. HAND,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF LEO DUTTON, UNDERSHERIFF BRENT COLBERT, CAPTAIN BRADLEY BRAGG, SGT. HEATHER RYAN, JOHN AND JANE DOES,<br><br>    Defendants. | CV 23-80-H-DLC<br><br><br>ORDER |

    This matter is before the Court on a civil rights complaint filed by Plaintiff Jeremy T. Hand ("Hand") under 42 U.S.C. § 1983. (Doc. 1.) Hand also filed a motion for preliminary injunction. (Doc. 9.) In his complaint, Hand alleges Defendants, who are all employed at the Lewis and Clark Detention Center, where Hand is presently incarcerated, have denied him access to the courts. *See* Comp. (Doc. 2 at 3-8.) In his motion for preliminary injunction, Hand asserts that the Defendants have retaliated against him and are refusing to provide him with his Suboxone prescription; Hand requests this Court's intervention. *See* (*Id*. at 3-5.)

    On December 28, 2023, Defendants were directed to answer Hand's Complaint. (Doc. 12.) They were also directed to respond to the request for preliminary injunction. (*Id*. at 2-3.) Defendants oppose Hand's motion for preliminary injunction. (Doc. 19.)

1

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships

tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Applying the *Winter* factors, Hand's request for a preliminary injunction will be denied.  First, Hand has not yet demonstrated that he is likely to succeed on the merits of his case.  Although Hand's claims were determined to be sufficient to warrant service following this Court's prescreening of his complaint, he must do more than merely state a claim for relief to demonstrate that he is likely to succeed on the merits.  *See e.g., Washington v. United States Dept. of Homeland Security*, 598 F. Supp. 3d 1051, 1066 (E.D. Wash. Sept. 14, 2020)(recognizing that the preliminary injunction standard is more demanding than the lower *Iqbal/Twombly* threshold of plausibility.).

Hand seems to suggest that he can show both Eighth Amendment violations and retaliation based upon Defendants' discontinuing his Suboxone prescription and placing Hand in disciplinary segregation. (Doc. 9 at 6-8.) Defendants point out that Hand's complaint alleged violations of his right of access to the courts. Because he did not advance allegations pertaining to his medication administration and purported segregation, Defendants argue this Court lacks jurisdiction to consider the claims in conjunction with his preliminary injunction request. (Doc. 19 at 12-13.)

Defendants also note that Hand was placed in administrative lockdown, not disciplinary segregation, on December 7, 2023, following threats allegedly made to nursing staff. (Doc. 19 at 8, 12.) It was these threats that resulted in Hand's removal from the MAT program (medication-assisted treatment), which had facilitated the Suboxone administration. (*Id*. at 14.) Following removal from Suboxone, Hand was provided medication to help with withdrawal symptoms. (*Id*. at 7.) Hand was also returned to general housing on January 1, 2024. (*Id*. at 12.)

Turning to the actual merits of his case, Defendants argue that Hand cannot show a likelihood of success relative to his access to the courts claim. Defendants note that after Hand's initial counsel withdrew, Hand briefly represented himself pro se. An attorney from the Office of the State Public Defender was appointed to represent Hand, however, Hand has apparently elected to proceed pro se, with

appointed counsel acting in a "stand-by" capacity. (Doc. 10 at 11); *see also*, Hrg. Mins. (Docs. 19-1 to 19-4.) Additionally, while Defendants concede Hand may have not been taken to the facility's law library on the dates requested, due to scheduling conflicts or inmate demand, he was taken frequently and allowed use of the law library. (Doc. 18-5)(demonstrating at least 12 separate visits to law library from 1/28/23 to 11/12/23); *see also* (Doc. 18 at 2, ¶ 5)(Capt. Bragg explains the library space is utilized by other inmates and for programming, such as AA). Aside from the physical law library, Hand has also been given access to legal resources via Fastcase. (Doc. 18 at 2, ¶ 6.) This computer program allow inmates to perform case searches and utilize a digital law library. (*Id*.) Thus, Defendants assert Hand has not shown that he is likely to succeed on his denial of access to the courts claim. The Court agrees. At this juncture, Hand has not demonstrated a likelihood of success on the merits.

Second, Hand has not established that he will suffer irreparable harm absent this Court's intervention. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F. 2d 668, 674 (9th Cir. 1988). Based upon the facts presented, including Hand's access to appointed counsel, Hand has not shown that his right to present a defense and participate in his criminal case will be significantly hindered.

5

Additionally, the balance of hardships do not tip in Hand's favor. In making this determination, a court must consider the impact that granting or denying a motion for preliminary injunction will have on respective groups. *See International Jensen v. Metrosound U.S.A.*, 4 F. 3d 819, 827 (9th Cir. 1993). In the instant matter, Hand asks this Court to review and reverse decisions made by Detention Center officials, including: changes to Hand's medication, return of books seized following a purported disciplinary action, returning Hand to the regular housing unit of the facility, providing Hand access to body camera footage and other reports, and restoring his telephone privileges. (Doc. 9 at 9.) Defendants counter that the Detention Center had legitimate penological reasons for all actions undertaken to date. (Doc. 19 at 13-16.)

It appears that some of the requested relief, including return to the regular housing unit, may be moot. Regardless, this Court is aware that judicial interference in matters of inmate discipline is highly disfavored; prison authorities have broad discretion in handling disciplinary matters. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716, 719 (9th Cir. 2007)(federal courts should afford appropriate deference to state officials managing a prison environment). The injunctive relief Hand requests would interfere with correctional operations. Accordingly, the balance of equities and hardships does not favor granting an injunction.

Finally, a preliminary injunction is not in the public interest for the same reasons set forth above. Such an injunction would unnecessarily interfere with the Detention Center's administration. The Court is issuing a scheduling order for this matter. Any additional information Hand wishes to pursue or obtain from Defendants can be requested in the normal course of discovery. Hand faces no demonstrable irreparable harm in the interim. Accordingly, the Court issues the following:

## ORDER

1. Hand's Motion for Preliminary Injunction (Doc. 9) is DENIED.

2. At all times during the pendency of this action, Hand must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 1st day of March, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge